GILLON v. BOSCHEN.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

NEGLIGENCE—EVIDENCE.

Recovery for negligence, in that a rung was absent from the railing in the hallway of the fourth floor of a building, leaving an open space of 11½ inches, cannot be had on proof merely that a young child was heard to fall, and was found on the hall floor of the third story; the inference

that he fell from the stairs being as fairly deducible as that he fell through the opening.

Appeal from trial term, New York county.

Action by Patrick Gillon, administrator of Francis J. Gillon, deceased, against Charles D. Boschen, for death of deceased. From a judgment dismissing the complaint after trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. A. Wray, for appellant.
Jacob F. Miller, for respondent.

PATTERSON, J. Without considering the specific grounds upon which the complaint in this action was dismissed, we think the nonsuit was properly granted for the reason that the evidence failed to establish any connection between the accident which happened to the plaintiff's intestate, and the cause to which that accident was ascribed by the plaintiff. It appeared in evidence that the plaintiff's intestate, a child between 2 and 3 years of age, was left by his mother on the front stoop of a tenement house, in the company of another child, about 5 or 6 years old. It was proven that there was a defect in a railing in the hallway of the fourth story of that tenement house. The defect consisted in the absence of a rung in the railing, leaving an open space of about 11½ inches. The plaintiff's intestate was seen lying on the hall floor on the third story of the building, and one of the witnesses for the plaintiff, hearing a noise as of a heavy body striking the floor, came from her room, and, on looking over the railing from the fourth story, saw the child lying prostrate. There is nothing whatever in the evidence to show that the plaintiff's intestate was ever in the hallway on the fourth story, or, if there, that he was ever near the opening in the railing or that he fell through the opening; and, from all that appears, the inference that he fell from the stairs is as fairly deducible as that he fell through the opening. In other words, the cause of the accident is not proven, and the testimony is insufficient to authorize a finding that the existence of the defect in the railing occasioned it. That the child fell through the opening is only a conjecture, and it would have been improper to allow the case to go to the jury in order that they might found a verdict on a mere guess. What the father of the child testified to, as to carrying the child upstairs, some time after the accident occurred, can have no influence upon the case. The offer to prove what the child said to the father when the latter returned home in the evening related to matter clearly inadmissible, and was properly refused by the court.

The judgment must be affirmed, with costs. All concur.